## Commonwealth v. Baker

*Daniel B. Crowell*, for Commonwealth.
*Pollins & Pollins*, for defendant.

LAIRD, J., July 24, 1939.—Some time in the fall of 1938, the automobile operator's license of the above-named defendant was suspended by the Secretary of Revenue for a period of 90 days following his plea of guilty to exceeding the speed limit on the highways of the Commonwealth. This suspension expired on December 23, 1938.

Defendant does not have a car of his own, but at the time of the suspension of his license was engaged in hauling building and construction materials in a truck, which he had rented from a third party. During the suspension of his license by the Secretary of Revenue, defendant employed a driver to operate the truck in and about his business.

On or about December 10, 1938, shortly before the suspension expired, defendant in company with his employe, who was operating the truck for him, stopped at a roadhouse along the highway, where defendant waited until his chauffeur made a call at a house in the neighborhood.

During the course of the evening some altercation arose between defendant and some ruffians at the roadhouse so that defendant, using his discretion, deemed it advisable for him to leave. Thereupon he got in the truck and drove down the road some three or four hundred yards to where his employe was calling.

No accident occurred, no one was hurt or injured in any way, and no damage was done. However, the ruffians, with whom the altercation had taken place in the roadhouse, reported to the Secretary of Revenue that defendant had operated a motor vehicle during the suspension of his license.

An information was made, the matter was brought into the court of quarter-sessions of this county, and defendant entered a plea in this court, after which we passed sentence.

A breach of the peace might be considered as much of a violation of the law as an infringement of The Vehicle Code, and it is frequently said that "discretion is the greater part of valor". We are not prepared to say that defendant in this case did not do the proper thing in removing himself and his truck from the roadhouse before becoming too deeply involved in the altercation with the rowdies at the roadhouse.

After sentence was passed by this court for the operation of a motor vehicle while his driver's license was sus-

pended, defendant again received notice from the Secretary of Revenue that an order had been made suspending his operator's license for a further period of one year, the reason given for said suspension being: "Operating a motor vehicle during suspension period. Certification from the Clerk of Court of Westmoreland County. Section 615 of Act 403, approved May 1, 1929, as amended by Act 263, approved June 22, 1931."

There might be some doubt as to what particular section of The Vehicle Code of May 1, 1929, P. L. 905, as amended, the Secretary of Revenue had in mind when the order above quoted suspending defendant's driver's license for a year was made.

We are of opinion, however, that the secretary was in error in suspending the license for the further period of a year as we find no warrant for such action in The Vehicle Code, supra.

Section 615 (*a*) of The Vehicle Code seems to be applicable to the case, but section 615 (*h*) provides that in such cases the secretary shall give notice of such suspension and afford the party interested an opportunity of a hearing and "after such hearing, the secretary shall either rescind his order of suspension or, good cause appearing therefor, may suspend the operator's license or learner's permit of such person for a further period."

This would seem to indicate that the merits of the case should be inquired into by the Secretary of Revenue.

In the case at bar this was not done. Defendant, however, brought his appeal to this court under section 616, 75 PS §193. A hearing was had and counsel for the Commonwealth cited section 614 of The Vehicle Code, 75 PS §191 (*b*), as authority for the action of the secretary.

This section, however, deals with the revocation of the operating privilege and not with the suspension thereof. The section applicable to the offense herein alleged, as we view it, is section 615, supra.

On appeal to this court we are required to hold a hearing de novo: White v. Kelly, etc., 28 D. & C. 706.

In the case of Commonwealth v. Kline, 25 D. & C. 378, it is held, quoting from pages 380 and 381, that:

"We construe this section to mean that the hearing in court is de novo, for the reason that the court is required to take testimony. The court is therefore not permitted to confine the case on appeal to a review of the testimony taken before the secretary so as to determine whether or not the secretary exceeded his authority or rendered a capricious decision. If the right of appeal exists we must therefore hold a hearing de novo."

In the instant case no hearing was had before the Secretary of Revenue or any of his assistants, nor was any inquiry made into the facts of the case.

If a hearing de novo is to be held by the court, defendant is entitled to put in his defense by way of explanation or excuse and show to the court what extenuating circumstances there were, if any, as to his reason for the violation of the act by driving during the suspension of his operator's license, but inasmuch as we had inquired into the facts in this case originally at the time defendant was sentenced in the court of quarter sessions, it was not necessary to go into the evidence in detail on this hearing. We could take judicial notice of what we had heard before.

In the case of Commonwealth v. Schmitt, 19 D. & C. 53, there was a suspension of the operating privilege under section 615(b) of the code for driving a car involved in a fatal injury. In reversing the action of the secretary, the court held, quoting from pages 54 and 55, that:

"The hearing before the court upon appeal provided in section 616 is a hearing de novo. . . .

"It is not mandatory upon the secretary under the act to suspend the operating privilege even upon the operator's conviction of manslaughter. . . .

"It is evident that the legislature intended that the secretary should make some inquiry into the circumstances surrounding the fatal accident to determine whether or not there was any culpability on the part of the oper-

ator. . . . For the secretary to act arbitrarily, without consideration of whether or not the operator is culpable, might also work an injustice. It, therefore, seems clear that the inquiry contemplated by the legislature is as to the culpability of the driver".

Having inquired into the facts of the case at the hearing before us in the court of quarter sessions, we are of opinion that defendant herein was not culpable and that while there may have been a technical violation of the law in moving the truck some three or four hundred yards during the suspension of his operator's license, defendant used good judgment in so doing and in avoiding what might have been more serious trouble in a breach of the peace and perhaps in an assault and battery case.

We further are of opinion that the Secretary of Revenue, in suspending the operating privileges of defendant herein for a period of one year, exceeded his authority and we believe that had he held a hearing in the matter or afforded defendant herein an opportunity of presenting the facts of the case to him, the operating privileges would not have been suspended the second time.

Therefore, we are further of opinion that the action of the Secretary of Revenue in suspending the driver's license of this defendant for an additional period of one year should be reversed and the operator's privileges restored.

And now, to wit, July 24, 1939, after hearing and after due and careful consideration, it is ordered, adjudged, and decreed that the action of the Secretary of Revenue in suspending the operator's license of Thomas Baker, defendant herein, for the further period of one year, be and the same hereby is reversed and set aside and the Secretary of Revenue is directed to issue a driver's license or operator's permit to the said Thomas Baker upon his otherwise complying with the regulations of the department, the law, and the acts of assembly in such cases made and provided.